**MICHAEL N. FEUER**, City Attorney - SBN 111529x
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY BRENTE**, Assistant City Attorney
**DENISE C. ZIMMERMAN**, Deputy City Attorney - SBN 191992
Email: denise.zimmerman@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA  90012
Phone No. (213) 978-7032, Fax No. (213) 978-8785

*Attorneys for Defendants*
**CITY OF LOS ANGELES, CHARLES BECK**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIOLORDO APPLING, an Individual,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF LOS ANGELES, *et al.*<br><br>*Defendants.* | CASE NO. CV13-8891 JAK (AJWx)<br><br>Assigned to Trial Judge: Hon. John A. Kronstadt<br>Courtroom: 750 - Roybal<br><br>Assigned to Magistrate: Hon. Andrew J. Wistrich<br>Courtroom: 690 Roybal<br><br>**PROTECTIVE ORDER** |

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

1. The parties may designate as confidential the following:

   [A] All documents contained within the Los Angeles Police Department's casebook related to the investigation of the attempted murder of Michael Weaver;

   [B] All videotaped interviews of witnesses to the attempted murder of Michael Weaver;

   [C] All audio recordings of interviews of witnesses to the attempted murder of Michael Weaver;

///

1

|     |     |                                                                                              |
| --- | --- | -------------------------------------------------------------------------------------------- |
| 1   | [D] | All documents containing the personal information of witnesses and                           |
| 2   |     | suspects involved in the investigation of the attempted murder of                            |
| 3   |     | Michael Weaver;                                                                              |
| 4   | [E] | All reports and records that contain the personal information of                             |
| 5   |     | witnesses and suspects involved in the investigation of the attempted                        |
| 6   |     | murder of Michael Weaver;                                                                    |

all of which the parties believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. This legend shall not be affixed in a manner that obscures any text. These categories of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation. The parties may also designate deposition testimony, or portions thereof, which fall within these categories as Confidential Information.

      2.     Confidential Information falling within the scope of this order is limited to personal identifying information for any individual except the following: name, age (in years), and relationship to the incident (e.g., customer, bouncer, employee, percipient witness).

      3.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation, such as locating the individual for an interview or service.

      4.     If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the party an opportunity to obtain an order barring production or other disclosure, or to otherwise

1  respond to the subpoena or other request for production or disclosure of Confidential
2  Material.  Other than objecting on the grounds of this stipulation, no party shall be
3  obligated to seek an order barring production of Confidential Information.  However, in
4  no event should production or disclosure be made without written notice to party's
5  counsel unless required by court order after serving written notice to the party's counsel.
6      5.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
7  written submissions to the Court in this litigation shall redact all Confidential
8  Information. If for some reason Confidential Information is deemed to be material, any
9  such document shall be filed with an application pursuant to Local Rule 79-5.1,  To file
10 the papers - or the confidential portion(s) thereof - under seal.  Such application shall be
11 directed to the judge to whom the papers are directed.  Pending the ruling on the
12 application, the papers or portions thereof subject to the sealing application shall be
13 lodged under seal.
14     6.  Counsel for the parties hereto agree to request that any motions, applications
15 or other pre-trial proceedings which could entail the discussion or disclosure of
16 Confidential Information be heard by the Court outside the presence of the jury, unless
17 having heard from counsel, the Court orders otherwise.  Counsel for the parties further
18 agree to request that, during any portion of the trial of this action which could entail the
19 discussion or disclosure of Confidential Information, access to the courtroom be limited
20 to parties, their counsel and other designated representative, experts or consultants who
21 agree to be bound by this stipulation, and court personnel, unless having heard from
22 counsel, the Court orders otherwise.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege. In the event of a dispute regarding the designation of confidential information, the parties shall follow the procedure set forth in Local Rule 37 for obtaining a decision from the Court.

10. This protective order is to be effective on the date the order is signed by the Court, and should survive settlement, trial and/or appeal.

*IT IS SO ORDERED.*

DATED: 7/29/2014

_____
**HONORABLE ANDREW J. WISTRICH**
**UNITED STATES MAGISTRATE JUDGE**